AHMAD & ROCHE LLP
Hassan Ahmad (HA 4708)
David Roche (DR 9648)
22 Cortlandt Street, 16th Floor
New York, NY 10007
Tel.: 212-419-0555
Fax: 888-315-8809
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ZHEN MING CHEN
on behalf of himself and all other employees similarly situated,

Plaintiffs,

-against-

Y CAFÉ AVE B INC, Y CAFÉ NYC INC,
KWAN CHAN SHEK LAI, FU SHI CHAO, John Doe and
Jane Doe # 1 – 10

Defendants.

Case No.: 18-4193

**COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**

---

Plaintiff, ZHEN MING CHEN, (hereinafter, "Plaintiff"), on behalf of himself and all others similarly situated, by and through their undersigned attorney, AHMAD & ROCHE, LLP hereby file this Complaint against Defendants, Y CAFÉ AVE B INC, Y CAFÉ NYC INC, KWAN CHAN SHEK LAI, FU SHI CHAO, John Doe and Jane Doe # 1 – 10 ("Does"), (each individually, "Defendant" or, collectively, "Defendants"), alleges and states as follows:

## INTRODUCTION

1. Plaintiff alleges, on his own behalf and on behalf of similarly situated employees, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he

is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid wages and minimum wages, (1) unpaid overtime wages, (3) unpaid spread of hours premium, (4) liquidated damages, (5) pre judgment and post judgment interest, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jursidiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391(b) and (e) because Defendants conduct business in this district and the acts and omissions giving rise to the claims herein are alleged to have taken place in this district.

## PLAINTIFF

5. Plaintiff, ZHEN MING CHEN, is a resident of New York County and was employed as a delivery person at Y-Café, a restaurant located at 182 Avenue B, New York, NY 10009 between April 1, 2015 and October 23, 2015.

6. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## DEFENDANTS

7. Upon information and belief, Defendant, Y- CAFÉ AVE B INC., is a domestic business corporation organized under the laws of New York, with a principal place of business, and an address for service of process, located at 182 Avenue B, New York, NY 10009.

8. Upon information and belief, Defendant, Y- CAFÉ AVE B INC. owns and operates a restaurant located at 182 Avenue B, New York, NY 10009.

9. Upon information and belief, Defendant, Y- CAFÉ AVE B INC. had gross sales in excess of Five Hundred Thousand Dollars ($500,000.00) per year.

10. Upon information and belief, Defendant, Y- CAFÉ AVE B INC. purchased and handled goods moved in interstate commerce and, at all relevant times, Defendant, Y- CAFÉ AVE B INC, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. Upon information and belief, Defendant, KWAN CHAN SHEK LAI, is an owner, officer, chairman, director and/or managing agent of Defendant, Y- CAFÉ AVE B INC and is an employer pursuant to FLSA, 29 U.S.C. §203d and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Y CAFÉ AVE B INC.

12. Upon information and Belief, Defendant, KWAN CHAN SHEK LAI owns the stock of Defendant, Y- CAFÉ AVE B INC.

13. Upon information and belief, Defendant, KWAN CHAN SHEK LAI participates in the management and day to day operations of Y-CAFÉ AVE B INC and makes all business decisions including but not limited to the amount of salary that will be paid to an employee and the number of hours the employee will work.

14. Upon information and belief, Defendant KWAN CHAN SHEK LAI acted intentionally and maliciously

15. Upon information and belief, Defendant, FU SHI CHAO, is an owner, officer, chairman, director and/or managing agent of Defendant, Y- CAFÉ AVE B INC and is an employer pursuant to FLSA, 29 U.S.C. §203d and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Y CAFÉ AVE B INC.

16. Upon information and Belief, Defendant, FU SHI CHAO owns the stock of Defendant, Y- CAFÉ AVE B INC.

17. Upon information and belief, Defendant, FU SHI CHAO participates in the management and day to day operations of Y-CAFÉ AVE B INC and makes all business decisions including but not limited to the amount of salary that will be paid to an employee and the number of hours the employee will work.

18. Upon information and belief, Defendant FU SHI CHAO acted intentionally and maliciously

19. Upon information and belief, Defendants John Doe and Jane Doe 1-10 are the owners, officers, chairpersons, directors and/or managing agents of Defendant, Y- CAFÉ NYC INC. and are employers pursuant to FLSA, 29 U.S.C. §203d and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and are jointly and severally liable with Y- CAFÉ NYC INC.

20. Upon information and Belief, Defendants John Doe and Jane Doe 1-10 own the stock of Defendant, Y- CAFÉ NYC INC.

21. Upon information and belief, Defendants John Doe and Jane Doe 1-10 participate in the management and day to day operations of Y- CAFÉ NYC INC. and make all business decisions including but not limited to the amount of salary that will be paid to an employee and the number of hours the employee will work.

22. Upon information and belief, Defendants John Doe and Jane Doe 1-10 acted intentionally and maliciously

23. Upon information and belief, Defendant, Y- CAFÉ NYC INC., is a domestic business corporation organized under the laws of New York, with a principal place of business, and an address for service of process, located at 182 Avenue B, New York, NY 10009.

24. Upon information and belief, Defendant, Y- CAFÉ NYC INC. owns and operates a restaurant located at 182 Avenue B, New York, NY 10009.

25. Upon information and belief, Defendant, Y- CAFÉ NYC INC. had gross sales in excess of Five Hundred Thousand Dollars ($500,000.00) per year.

26. Upon information and belief, Defendant, Y- CAFÉ NYC INC. purchased and handled goods moved in interstate commerce and, at all relevant times, Defendant, Y- CAFÉ NYC INC, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

27. Upon information and belief, Defendant, KWAN CHAN SHEK LAI, is an owner, officer, chairman, director and/or managing agent of Defendant, Y- CAFÉ NYC INC. and is an employer pursuant to FLSA, 29 U.S.C. §203d and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Y- CAFÉ NYC INC.

28. Upon information and Belief, Defendant, KWAN CHAN SHEK LAI owns the stock of Defendant, Y- CAFÉ NYC INC.

29. Upon information and belief, Defendant, KWAN CHAN SHEK LAI participates in the management and day to day operations of Y- CAFÉ NYC INC. and makes all business decisions including but not limited to the amount of salary that will be paid to an employee and the number of hours the employee will work.

30. Upon information and belief, Defendant KWAN CHAN SHEK LAI acted intentionally and maliciously

31. Upon information and belief, Defendant, FU SHI CHAO, is an owner, officer, chairman, director and/or managing agent of Defendant, Y- CAFÉ NYC INC. and is an employer pursuant to FLSA, 29 U.S.C. §203d and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Y CAFÉ NYC INC.

32. Upon information and Belief, Defendant FU SHI CHAO owns the stock of Defendant, Y- CAFÉ NYC INC.

33. Upon information and belief, Defendant, FU SHI CHAO participates in the management and day to day operations of Y-CAFÉ NYC INC and makes all business decisions including but not limited to the amount of salary that will be paid to an employee and the number of hours the employee will work.

34. Upon information and belief, Defendant FU SHI CHAO acted intentionally and maliciously

35. Upon information and belief, Defendants John Doe 1-10 are owners, officers, chairpersons, directors and/or managing agents of Defendant, Y- CAFÉ NYC INC. and are

employers pursuant to FLSA, 29 U.S.C. §203d and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Y- CAFÉ NYC INC.

36. Upon information and Belief, Defendant, John Doe 1-10 owns the stock of Defendant, Y- CAFÉ NYC INC.

37. Upon information and belief, Defendants John Doe 1-10 participates in the management and day to day operations of Y- CAFÉ NYC INC. and makes all business decisions including but not limited to the amount of salary that will be paid to an employee and the number of hours the employee will work.

38. Upon information and belief, Defendants John Doe 1-10 acted intentionally and maliciously

## STATEMENT OF FACTS

39. On or about April 1, 2015 Plaintiff, Zhen Ming Chen, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery worker for Defendants' restaurant, Café Y, located at 182 Avenue B, New York, Ny 10009

40. Plaintiff worked at Café Y until on or about October 23, 2015.

41. During the employment of Plaintiff, Zhen Ming Chen, by Defendants, Plaintiff worked at least 72 hours per week.

42. During Plaintiff's employment by Defendants, Plaintiff routinely worked approximately 12 hours per day and six days per week for a total of 72 hours per week.

43. During Plaintiff's employment, he was paid $40.00 cash per day.

44. Plaintiff was not required to utilize any means of recording or documenting the amount of hours he worked.

45. Defendants did not compensate plaintiff for minimum wage or overtime compensation according to state and federal laws.

46. Plaintiff was not compensated for New York's "spread of hours" premium for shifts lasting longer than 10 hours. Plaintiff's work day was always longer than 10 hours per day.

47. Defendants did not provide Plaintiff and similarly situated employees with a written wage notice detailing terms of payment and conditions of employment either at the time of hiring or subsequent thereto.

48. Defendants never provided defendant with a wage statement or pay stub.

49. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

50. The applicable minimum wage for the period of April 2015 through October 2015 is $8.75 per hour.

51. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

52. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

53. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs.

54. Plaintiffs retained Ahmad & Roche LLP to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT – Minimum Wage

55. Plaintiff realleges and re-avers all preceding paragraphs of this Complaint as if fully set forth herein.

56. At all relevant times, upon information and belief, Defendants were and continue to be "employers" engaged in interstate commerce and/or the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

57. At all relevant times, Defendants employed "employees" including Plaintiff within the meaning of the FLSA.

58. Upon information and belief, at all relevant times, the Defendants collectively had gross revenues in excess of $500,000.

59. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. §206(a)

60. Plaintiff worked hours for which he was not paid the statutory minimum wage.

61. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

62. Defendants failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.

63. The FLSA provides that any employer who violates the provisions of 29 U.S.C §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

64. Defendants knowingly and willfully disregarded the FLSA by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known that such failure would financially injure Plaintiff and Collective Class Members.

65. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff the minimum wages for hours worked when Defendants knew or should have known such was due.

66. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

67. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

68. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages, plus an equal amount as liquidated damages.

69. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW – Minimum Wage

70. Plaintiff realleges and re-avers all preceding paragraphs of this Complaint as if fully set forth herein.

71. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

73. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

74. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable for the amount of any underpayment and for liquidated damages equal to the total of such underpayment found to be due to the employee,

75. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the New York Labor Law §663(1).

## COUNT III

### VIOLATION OF THE FAIR LABOR STANDARDS ACT- Overtime Pay

76. Plaintiff realleges and re-avers all preceding paragraphs of this Complaint as if fully set forth herein.

77. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one half times the regular rate at which he or she is employed, or one and one half times the minimum wage, whichever is greater. 29 USC §207)a)

78. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

79. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

80. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

81. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

## COUNT IV

### VIOLATION OF NEW YORK LABOR LAW- Overtime Pay

82. Plaintiff realleges and re-avers all preceding paragraphs of this Complaint as if fully set forth herein.

83. The New York Wage Theft Prevention Act provides that an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such underpayments found to be due the employee.

84. Defendants' failure to pay Plaintiff and similarly situated employees their overtime pay violated the NYLL.

85. Defendants' failure to pay Plaintiff and the similarly situated employees their overtime pay was not in good faith.

## COUNT V

### VIOLATION OF NEW YORK LABOR LAW- Spread of Hours Pay

86.  Plaintiff realleges and re-avers all preceding paragraphs of this Complaint as if fully set forth herein.

87.  The NYLL requires employers to pay an extra hour's pay for for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190 et seq. and §§650 et seq. and New York State Department of Labor regulations §146-1.6..

88.  Defendants' failure to pay Plaintiff and similarly situated employees spread of hours pay was not in good faith.

## COUNT VI

### VIOLATION OF NEW YORK LABOR LAW- Time of Hire Wage Notice Requirement

89.  Plaintiff realleges and re-avers all preceding paragraphs of this Complaint as if fully set forth herein.

90.  The NYLL and supporting regulations require employers to provide written notice at the time of hire of: (a) the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; (b) allowances, if any, claimed as a part of minimum wage, including tip, meal or lodging allowances; (c) the regular pay day designated by the employer; (d) the name of the employer; (e) any "doing business as" names used by the employer; (f) the physical address of the employer's main office or principal place of business and a mailing address if different and (g) the telephone number of the employer. NYLL §195-1(a).

91.  Defendants intentionally failed to provide notice to employees in violation of New York Labor Law §195, which requires all employers to provide written notice in the employee's

primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his first day of employment.

92. Defendants did not provide a notice to each employee at the time of hire and did not provide a notice at any time thereafter.

93. Due to Defendants' violations of New York Labor Law, each plaintiff is entitled to recover from defendants jointly and severally , Fifty Dollars ($50.00) for each workday that the violation occurred or continued to occur, up to Five Thousand Dollar ($5,000.00), together with costs and attorney fees pursuant to New York Labor Law, NYLL §198 (1-b).

## COUNT VII

### VIOLATION OF NEW YORK LABOR LAW- Pay Stub Requirement

94. Plaintiff realleges and re-avers all preceding paragraphs of this Complaint as if fully set forth herein.

95. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

96. Defendants have failed to make a good faith effort to comply with the New York Labor Law in that Defendants did not provide a paystub to Plaintiff on or after Plaintiff's pay day.

97. Due to Defendants' violations of New York Labor law, plaintiff is entitled to recover from Defendants, jointly and severally, Two Hundred and Fifty Dollars ($250.00) for each workday of the violation, up to Five Thousand Dollars ($5,000.00) for each plaintiff together with costs and attorneys' fees pursuant to NYLL §198-1(d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgement that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law.;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. §216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of prejudgement and postjudgement interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: May 10, 2018

Respectfully submitted,

AHMAD & ROCHE LLP
Hassan Ahmad (HA 4708)
David Roche (DR 9648)
22 Cortlandt Street, 16th Floor
New York, NY 10007
Tel.: 212-419-0555
Fax: 888-315-8809
*Attorneys for Plaintiffs*

By: _____
David Roche (DR 9648)