UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZHEN MING CHEN,
                              Plaintiff,

            -v-

Y CAFÉ AVE B INC., et al.,
                             Defendants.

18-CV-4193 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Zhen Ming Chen alleges that Defendants Y Café Ave B Inc., Y Café NYC Inc., Kwan Chan-Shek Lai, and Fu Shi Chao ("Defendants") failed to pay him minimum and overtime wages, violating both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff has served all Defendants; Defendants have not answered the complaint or otherwise appeared in this action and certificates of default have been filed as to each Defendant. (Dkt. Nos. 19–22.) Plaintiff now moves for default judgment under Federal Rule of Civil Procedure 55(b). (Dkt. No. 24.) For the reasons that follow, the motion is granted.

**I.    Background**

      Defendants operated a restaurant, Y-Café,[1] at 182 Avenue B, New York, New York. (Dkt. No. 1 ("Compl.") ¶ 39.) Defendants owned and controlled Y-Café and had the power to set the wages and hours of its employees. (Compl. ¶¶ 7–38.) Plaintiff alleges that he was employed by Y-Café to work as a delivery person between April 1, 2015, and October 23, 2015. (Compl. ¶ 5.) He alleges that he worked over 72 hours per week, and a spread of hours greater than 10 hours per day, 6 days per week. (Compl. ¶¶ 41, 42, 46.)

---

[1] Plaintiff uses "Y-Café" and "Café Y" interchangeably in his complaint. (*See* Compl. ¶¶ 5, 39.)

Plaintiff claims that Defendants never paid him the required minimum wage, overtime compensation for the hours he worked over 40 hours per week, or spread-of-hours compensation. (Compl. ¶¶ 45–46.)  Instead, he was paid $40 in cash per day.  (Compl. ¶ 43.)  And Defendants never provided Plaintiff with a wage notice at the time of hiring or pay stub at the time of payment.  (Compl. ¶¶ 47–48.)

Plaintiff filed this action against Defendants under the FLSA and the NYLL on May 10, 2018, seeking minimum wage and overtime compensation, spread-of-hours compensation, liquidated damages, and statutory damages.  (Dkt. No. 1.)  Despite being served with the complaint on May 22, 2018, none of Defendants have appeared or responded to the complaint.  (Dkt. Nos. 6–9.)  Plaintiff moved for default judgment on January 28, 2019.  (Dkt. No. 24.)

## II.     Legal Standard

By failing to answer the complaint, Defendants have conceded Plaintiff's well-pleaded factual allegations establishing liability.  Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013).  But because a party in default does not admit conclusions of law, the Court must determine whether those allegations establish a sound legal basis for liability. *Jemine v. Dennis*, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).  Moreover, to secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty."  *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).  District courts have "much discretion" in determining whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence."  *Id.* at 234 (first quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

**III.    Discussion**

    **A.    Allegations in Support of Liability**

The complaint asserts the following claims:  (1) minimum wage violations under the FLSA and the NYLL (Counts I & II); (2) overtime compensation violations under the FLSA and the NYLL (Counts III & IV); (3) spread-of-hours pay violations under the NYLL (Count V); (4) wage notice violation under the NYLL (Count VI); and (5) pay stub violations under the NYLL (Count VII).  (Compl. ¶¶ 55–97.)

As a threshold matter, the Court considers whether the statutes of limitations would limit Plaintiff's recovery.  *See Guallpa v. N.Y. Pro Signs Inc.*, No. 11 Civ. 3133, 2014 WL 2200393, at *2 (S.D.N.Y. May 27, 2014) ("Courts in this Circuit . . . generally have limited a plaintiff's recovery in the event of a defendant's default to the time period covered by the FLSA statute of limitations.").  The FLSA imposes a three-year statute of limitations to a cause of action arising out of a willful violation.  29 U.S.C. § 255(a).  Here, as Plaintiff alleges that Defendants' failure to pay minimum and overtime wages was willful, the three-year limitations period applies.  (Compl. ¶¶ 51–52.)  Moreover, the NYLL has a statute of limitations of six years.  N.Y. Lab. Law §§ 198(3), 663(3).  Because this lawsuit was filed on May 10, 2018, the NYLL limitation period would include claims that accrued between May 10, 2012 and May 10, 2018, while the FLSA limitations period would include claims that accrued between May 10, 2015 and May 10, 2018.

To state an FLSA minimum wage or overtime compensation claim, a plaintiff must allege that she was the defendant's employee, that her work involved interstate activity, and that she worked an approximate number of hours for which she did not receive minimum or overtime wages.  *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007); *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) ("[T]o

3

survive a motion to dismiss [an FLSA overtime claim], Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours.").

First, Plaintiff's allegations are sufficient to establish that he was an employee of Defendants for FLSA purposes. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 104–05 (2d Cir. 2013) (explaining that courts look to the "economic reality" of a working relationship to determine employee status for FLSA purposes and listing the four factors relevant to this analysis). Plaintiff worked at Defendants' restaurant as a delivery worker. (Compl. ¶ 39.) Defendants set his working schedule and salary. (Compl. ¶¶ 13, 17.) The records do not suggest that Plaintiff has any investment in the restaurant. (*See generally* Compl.) Taking into account these factual allegations, the Court concludes that Plaintiff has stated a plausible claim that he was an employee of Defendants for FLSA purposes.

Second, an employee is covered by the FLSA if she is "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1). In addition, the enterprise must have at least $500,000 in annual gross sales. *Id.* § 203(s)(1)(A)(ii). Plaintiff alleges that Defendants have "engaged in interstate commerce" and have annual gross sales in excess of $500,000. He is therefore covered by the FLSA. (Compl. ¶¶ 9, 25, 56.)

Third, Plaintiff must allege that he did not receive minimum or overtime wages. To state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period. *See Zhong*, 498 F. Supp. 2d at 629. Similarly, to state an FLSA overtime claim, a plaintiff must allege only that she worked compensable overtime in a workweek longer

than 40 hours, and that she was not properly compensated for that overtime.  *See Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("To plead a plausible FLSA overtime claim, [p]laintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week.").  Here, Plaintiff alleges that he worked a regular schedule of "at least 72 hours per week."  (Compl. ¶ 41.)  Moreover, he worked approximately 12 hours a day (Compl. ¶ 42) but received only $40 per day (Compl. ¶ 43).  In light of the above, Plaintiff's allegations are sufficient to state a claim for failure to pay minimum and overtime wages in violation of the FLSA.

Plaintiff's allegations are also sufficient to establish Defendants' liability under the NYLL for minimum and overtime wage violations, as well as failure to pay spread-of-hours compensation and provide the required wage notices.  A plaintiff's burden to establish minimum and overtime wages liability under the NYLL is similar to that under the FLSA.  *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 34 (E.D.N.Y. 2015).  The NYLL, as compared to the FLSA, focuses on the "degree of control" rather than "economic realities" in determining whether the plaintiff is an "employee" under the NYLL.  *Saleem v. Corp. Transp. Grp., Ltd.*, 52 F. Supp. 3d 526, 535–36 (S.D.N.Y. 2014).  In addition, the NYLL does not require that an employer achieve a certain minimum in annual sales in order to be liable under the NYLL.  *Fermin*, 93 F. Supp. 3d at 34.  Because Plaintiff worked on a set schedule for a fixed wage determined by Defendants, Plaintiff is an "employee" under the NYLL.  *See Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193, 198 (2003) (listing five factors relevant to the "degree of control" analysis).  And for the same reasons that Defendants are liable for the minimum and overtime wages violations under the FLSA, Defendants are also liable under the NYLL.

Furthermore, Plaintiff also asserts that he is due spread-of-hours pay under the NYLL. (Compl. ¶¶ 86–88.) He alleges that he worked more than 10 hours a day but never received any spread-of-hours pay. (Compl. ¶ 46.) These allegations suffice to support his claim under the NYLL. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6(a).

In addition, Plaintiff alleges that he did not receive written notice of the rate of pay, regular pay day, and other information, as required by NYLL § 195(1)(a), nor did he receive any pay stubs, as required by NYLL § 195(3). (Compl. ¶¶ 47–48, 89–97.) His allegations are sufficient to support Defendants' liability under the NYLL.

### B.     Evidence in Support of Damages

Plaintiff seeks minimum and overtime wages under the FLSA and the NYLL, spread-of-hours pay under the NYLL, liquidated damages for wage-and-hour violations under both the FLSA and the NYLL, and statutory damages for failure to give written wage notices and pay stubs under the NYLL, along with prejudgment interest and attorney's fees and costs. (Compl. at 15; *see* Dkt. No. 24 at 13.) The Court addresses each request in turn.

#### 1.     Minimum and Overtime Wages

Both the FLSA and the NYLL require employers to pay their employees at least the respective federal or state minimum wage for every hour worked. 29 U.S.C. § 206(a); N.Y. Lab. Law § 652(1). In addition, the FLSA provides that employers must pay their employees at least the state minimum wage if it exceeds the federal minimum wage. 29 U.S.C. § 218(a). Throughout Plaintiff's employment with Defendants, the New York minimum wage was $8.75 per hour, greater than the federal minimum wage of $7.25 per hour. *Compare id.* § 206(a)(1) *with* N.Y. Lab. Law § 652(1). Plaintiff is therefore entitled to damages calculated on the basis of the New York minimum wage for all hours he worked for Defendants, less the payment he has already received.

6

In addition, both the FLSA and the NYLL require an employer to pay employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a work week. 29 U.S.C. §§ 207(a)(1), 215(a)(2); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

Here, Plaintiff alleges that he worked for Defendants for over 72 hours per week from April 1, 2015, to October 23, 2015.[2] (Compl. ¶¶ 39–41.) This amounts to 29 weeks and 3 days, which Plaintiff rounds to 29 weeks. (Dkt. No. 26 at 7–8.) He was paid $240 per week. (Compl. ¶¶ 42–43.) Therefore, he received $6,960 in wages. However, calculating on the basis of the New York minimum wage and overtime rate, he should have received $22,330. Therefore, Plaintiff is owed $15,370 for unpaid wages and overtime compensation.

### 2. Spread-of-Hours Wage

The NYLL requires employers to pay an employee who works a spread of hours in excess of 10 hours per day an additional hour of compensation at the minimum wage rate. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6(a). Plaintiff alleges that he had to work more than 10 hours every day, but Defendants have never paid him the extra spread-of-hours compensation. (Compl. ¶ 46.) Therefore, Plaintiff is owed $1,522.50 in spread-of-hours compensation.

### 3. Liquidated Damages

The FLSA and the NYLL have provisions providing for liquidated damages in an amount equal to compensatory damages. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60–61 (2d Cir. 2016). Employees are entitled to liquidated damages unless employers establish a good faith defense. 29 U.S.C. § 260; N.Y. Lab.

---

[2] To the extent Plaintiff's claims accrued before May 10, 2015, they are time-barred under the FLSA. But Plaintiff can still seek unpaid minimum and overtime wages between April 1, 2015, and May 10, 2015, under the NYLL.

7

Law § 663(1); *see Gurung v. Malhotra*, 851 F. Supp. 2d 583, 592 (S.D.N.Y. 2012).  Defendants that fail to respond to a motion for default judgment necessarily fail to carry the burden of demonstrating good faith.  *See Jaramillo v. Banana King Rest. Corp.*, No. 12 Civ. 5649, 2014 WL 2993450, *5 (E.D.N.Y. July 2, 2014).

"The law is now settled in this Circuit that a plaintiff cannot simultaneously recover liquidated damages under both the FLSA and the NYLL."  *Sai Qin Chen v. E. Mkt. Rest., Inc.*, No. 13 Civ. 3902, 2018 WL 340016, at *9 (S.D.N.Y. Jan. 9, 2018) (citing *Chowdhury*, 666 F. App'x at 61).  But Plaintiff is entitled to "recover under the statute that provides the great[er] relief."  *Ortega v. JR Primos 2 Rest. Corp.*, No. 15 Civ. 9183, 2017 WL 2634172, at *6 (S.D.N.Y. June 16, 2017) (alteration in original) (quoting *Castillo v. RV Transp., Inc.*, No. 15 Civ. 527, 2016 WL 1417848, at *3 (S.D.N.Y. Apr. 11, 2016)).

Here, Plaintiff can recover greater liquidated damages under the NYLL because part of his FLSA claim is time-barred.  Therefore, the Court calculates Plaintiff's liquidated damages in accordance with the NYLL.  Because Plaintiff has demonstrated that he is entitled to $15,370 in back pay and $1,522.50 in unpaid spread-of-hours compensation, his liquidated damages under the NYLL amount to $16,892.50.

### 4. Statutory Damages

The NYLL requires employers to provide each employee a notice of the rate of pay at the time of hiring.  N.Y. Lab. Law § 195(1)(a).  A plaintiff may recover $50 for each workday during which the employer continually failed to give this notice, not to exceed $5,000.  *Id.* § 198(1-b).  In addition, the NYLL also requires employers to give each employee a pay stub with each paycheck that lists specific information about their employment.  *Id.* § 195(3).  A plaintiff may recover $250 for each work day during which the employer failed to give this notice, not to exceed $5,000.  *Id.* § 198(1-d).

Here, Plaintiff worked for Defendants for around 177 days, but he never received a wage notice nor pay stub. He is therefore entitled to the maximum $5,000 for the work days during which Defendants continually failed to give him a wage notice, plus the maximum $5,000 for Defendants' failure to provide him with a pay stub.

### 5. Prejudgment Interest

The NYLL provides for an award of prejudgment interest in addition to liquidated damages. *Id.* § 198(1-a); *see Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999). But prejudgment interest is available on actual damages under the NYLL, not liquidated damages. *Ortega*, 2017 WL 2634172, at *6 (citing *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14 Civ. 10234, 2016 WL 4704917, at *18 (S.D.N.Y. Sept. 8, 2016)).

Under New York law, the prejudgment interest rate is nine percent per year. N.Y. C.P.L.R. §§ 5001, 5004. "[W]here damages are 'incurred at various times,' as is the case with unpaid wages over the course of several years, 'interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.'" *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13 Civ. 3061, 2014 WL 2624759, at *5 (quoting N.Y. C.P.L.R. § 5001(b)). "[C]ourts often choose the midpoint of the plaintiff's employment within the limitation period." *Pineda v. Tokana Cafe Bar Restorant Inc.*, No. 16 Civ. 1155, 2017 WL 1194242, at *4 (S.D.N.Y. Mar. 30, 2017).

Here, the midpoint of Plaintiff's employment is July 13, 2015. And Plaintiff's actual damages under the NYLL are $16,892.50. Plaintiff is therefore entitled to statutory prejudgment interest of nine percent per year on this amount from July 13, 2015.

### 6. Attorney's Fees and Costs

Both the FLSA and the NYLL allow a prevailing plaintiff to recover reasonable attorney's fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1). "District courts enjoy

9

broad discretion when setting a fee award, but they must clearly and concisely state reasons supporting the award." *Tackie v. Keff Enters. LLC*, 2014 WL 4626229, No. 14 Civ. 2074, at *6 (S.D.N.Y. Sept. 16, 2014). Courts generally adopt a lodestar approach to calculate attorney's fees, "which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." *Id.* (collecting cases). The plaintiff has the burden to produce "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Scott v. City of N.Y.*, 626 F.3d 130, 133–34 (2d Cir. 2010) (citation omitted).

Here, Plaintiff's counsel, David Roche, has requested an hourly rate of $350 for the work he performed on this case. (Dkt. No. 28-10.) The Court evaluates the reasonableness of a requested hourly rate by considering the prevailing market rate in this District. *Anthony v. Franklin First Fin. Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012). Roche, as a partner in his law firm, has requested an hourly rate consistent with the prevailing market rate in this District for lawyers in wage-and-hour cases with similar levels of experience. *See, e.g.*, *Yuquilema v. Manhattan's Hero Corp.*, No. 13 Civ. 461, 2014 WL 4207106, at *14 (S.D.N.Y. Aug. 20, 2014) ("Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases."); *Surdu v. Madison Glob., LLC*, No. 15 Civ. 6567, 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018) ("Courts of this Circuit commonly allow for hourly rates of $300 to $400 for experienced attorneys or partners in FLSA and NYLL wage-and-hour cases."). Therefore, the Court concludes that the rate requested by Roche is reasonable.

In addition, Roche has also provided contemporaneous billing records for 28.4 hours of work. (Dkt. No. 28-10.) The entries appear to be sufficiently clear and not duplicative.

Therefore, the Court concludes that Roche has performed 28.4 hours on this case at a rate of $350, and thus is entitled to an award of attorney's fees of $9,940.

Roche also seeks reimbursement of $400 in court filing fees and $200 in process server fees. (Dkt. No. 26 at 13.) But Roche has failed to provide any documentation to support the request for costs. When attorneys fail to substantiate the costs incurred, the Court has discretion to deny or reduce the costs award. *See Zimmerman v. Portfolio Recovery Assocs., LLC*, No. 09 Civ. 4602, 2013 WL 6508813, at *13 (S.D.N.Y. Dec. 12, 2013). "However, courts have taken judicial notice of costs reflected on the docket and awarded those costs even when counsel has failed to provide documentation." *Whitehead v. Mix Unit, LLC*, No. 17 Civ. 9476, 2019 WL 384446, at *6 (S.D.N.Y. Jan. 31, 2019). Here, it is apparent that Plaintiff has incurred court filing fees and process server fees, as these are "the types of 'legitimate expenses that would normally be charged to clients.'" *Zimmerman*, 2013 WL 6508813, at *13 (quoting *I.L.G.W.U. Nat'l Ret. Fund v. ESI Grp., Inc.*, No. 92 Civ. 597, 2003 WL 135797, at *4 (S.D.N.Y. Jan. 17, 2003). But the complete lack of documentation warrants a reduction. Therefore, The Court would allow Roche to recover $400 in court filing fees and $100 in process server fees—which amount to $500.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED. The Clerk of Court is directed to calculate prejudgment interest on $16,892.50 from July 13, 2015, to the date of judgment at a rate of nine percent per annum. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendants Y Café Ave B Inc., Y Café NYC Inc., Kwan Chan-Shek Lai, and Fu Shi Chao, jointly and severally, in the amount of $54,225, plus the prejudgment interest as described above. The judgment shall include: (1) damages for unpaid overtime wages, spread-of-hours pay, statutory damages, and liquidated damages under the FLSA and the

NYLL in the amount of $43,785; (2) prejudgment interest on $16,892.50 from July 13, 2015, to the date of judgment at a rate of nine percent per annum; (3) attorney's fees of $9,940; and (4) costs of $500.

The Clerk of Court is directed to close the motion at Docket Number 24 and to close the case. Plaintiff is directed to mail a copy of this Opinion and Order to the defaulting Defendants and to the New York Secretary of State.

SO ORDERED.

Dated: May 30, 2019
       New York, New York

                                                    J. PAUL OETKEN
                                                United States District Judge